IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Paul Smith, ) | No. 5:15-cv-01317 |
| Plaintiff, ) | |
| ) | **ORDER** |
| vs. ) | |
| Andy Strickland, Jodie Taylor, David ) Matthews, Matthew Walker, Colleton ) County Sheriff's Office, ) | |
| Defendants. ) | |

This matter comes before the Court on the Report and Recommendation (R & R) of the Magistrate Judge (Dkt. No. 15), recommending that this action be partially summarily dismissed with prejudice. Plaintiff has filed objections to the R & R. (Dkt. No. 21). For the reasons stated below, the Court the adopts the R & R in part and dismisses the claims against Defendants David Matthews, Matthew Walker, and the Colleton County Sheriff's Office without prejudice.

## I. Legal Standard

### A. Report & Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court is charged with making a de novo determination of those portions of the R & R or specified proposed findings or recommendations to which objection is made. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28

U.S.C. § 636(b)(1)); *accord* Fed. R. Civ. P. 72(b). However, as to portions of the R & R to which no objection is made, this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P 72 advisory committee note). Additionally, the Court need not give any explanation for adopting the R & R in the absence of specific objections by the parties. *See Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983) ("Absent objection, we do not believe that any explanation need be given for adopting the report.").

**B. Summary Dismissal**

*Pro se* complaints are construed liberally to allow the development of meritorious claims. *See, e.g., Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978) ("[A] complaint, especially a pro se complaint, should not be dismissed summarily unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief....") (internal quotations omitted). However, the requirement of a liberal construction does not mean that the Court can ignore a plaintiff's clear failure to allege facts that set forth a cognizable claim. *See Well v. Dep't of Soc. Servs. for City of Baltimore*, 901 F.2d 387, 391 (4th Cir. 1990) ("The special judicial solicitude with which a district court should view pro se complaints does not transform the court into an advocate."). Furthermore, the Court must dismiss an *in forma pauperis* action *sua sponte* if the claim is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989).

## III. Discussion

### A. Defendant David Matthews

Plaintiff alleges that Defendant Matthews' legal representation in his criminal matter is constitutionally inadequate and seeks relief against Defendant Matthews under Section 1983. (Dkt. No. 1). The Magistrate Judge recommended dismissing the claims against Matthews because a public defender does not act under the color of state law. (Dkt. No. 15 at 3-5). Plaintiff objects that "Matthews acted under color of state law when failing to file a motion for a speedy trial as requested by Plaintiff." (Dkt. No. 21 at 4).

It is well-settled that an attorney does not act under color of state law when performing traditional functions as counsel, even if he is a county employee. *See, e.g., Polk County v. Dodson*, 454 U.S. 312, 325 (1981) ("[W]e decide only that a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in criminal proceedings."); *Conner v. Donnelly*, 42 F.3d 220, 223 (4th Cir. 1994) (noting that while state employment is generally sufficient to render the defendant a state actor, that is not true in the case of a public defender). Therefore, Plaintiff cannot state a Section 1983 cause of action against Defendant Matthews.[1] The Court also agrees that diversity jurisdiction does not exist, and the Court lacks jurisdiction over any legal negligence claim Plaintiff may have. Therefore, the claims against Defendant Matthews are dismissed without prejudice.[2]

---

[1] The Court also notes that Speedy Trial Act "only applies to a federal arrest on a federal charge." *E.g., United States v. Burgess*, 684 F.3d 445, 451 (4th Cir. 2012).

[2] Because Plaintiff may have some state cause of action against Defendant Matthews, the Court declines to dismiss the claims against this defendant with prejudice.

3

### B. Defendant Matthew Walker

Plaintiff does not object to the dismissal of Defendant Walker. (Dkt. No. 21 at 4). This Court agrees that he should be dismissed because there are no allegations of wrongdoing against him.

### C. Defendant Colleton County Sheriff's Office

The Magistrate Judge recommended dismissing the Colleton County Sheriff's Office because it has Eleventh Amendment immunity from suit in federal court. (Dkt. No. 15 at 5-6). Plaintiff objects that the Sheriff's Office is a proper defendant because it controls the county jail. (Dkt. No. 21 at 2). While the Sheriff's Office may be a proper defendant is a state suit brought in state court, Plaintiff may not bring a federal action against the Sheriff's Office seeking damages. It is well settled that the Sheriff's office is an "arm of the state" and "is entitled to Eleventh Amendment immunity" from suits in federal court seeking monetary damages.[3] *E.g., Bland v. Roberts*, 730 F.3d 368, 391 (4th Cir. 2013), *as amended* (Sept. 23, 2013).

### D. Relief Requested

The Court also agrees that it cannot direct the State of South Carolina or Colleton County to impeach or terminate Defendant Strickland's employment; nor may it dismiss state criminal charges pending against Plaintiff. Plaintiff does not object to the Magistrate Judge's recommendation that the Complaint be dismissed in so far as it seeks this relief, (Dkt. No. 21), and the Court adopts this portion of the R & R.

---

[3] Again, because Plaintiff may have some state cause of action against Defendant Colleton County Sheriff's Office, the Court declines to dismiss the claims against this defendant with prejudice.

### III. Conclusion

The Court **ADOPTS** all portions of the R & R, except its conclusion that the dismissal of the claims against as to Defendants Matthews, Walker, and the Colleton County Sheriff's Office should be with prejudice. Accordingly, this action is **DISMISSED WITHOUT PREJUDICE** and without issuance of service as to Defendants David Matthews, Matthew Walker, and the Colleton County Sheriff's Office. The Complaint is **DISMISSED WITH PREJUDICE** insofar as it seeks relief in the form of impeachment of Defendant Strickland or dismissal of the criminal charges now pending against Plaintiff.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Judge

May 12, 2015
Charleston, South Carolina

5